UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| J. BOGAN-BEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:22-cv-00231-SEB-KMB |
| | ) | |
| LORETTA H. RUSH, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER IMPOSING SANCTIONS**

J. Bogan-Bey, a prisoner at Westville Correctional Facility, sued Indiana Supreme Court Chief Justice Loretta H. Rush on January 28, 2022. The action was dismissed on May 9, 2022.

Since that time, the Court has issued several orders related to Mr. Bogan-Bey's post-judgment motions, all of which have been denied. *E.g.*, dkt. 33 (denying dkts. 24, 25, 28, and 29); dkt. 46 (denying dkt. 35); dkt. 53 (denying dkt. 51); dkt. 64 (denying dkt. 60).

On November 4, 2022, the Court warned Mr. Bogan-Bey that additional post-judgment motions asserting sovereign citizen theories may result in sanctions. Dkt. 56 at 3. On November 22, 2022, the Court again warned "that if he continues to file frivolous motions asserting arguments based on sovereign citizen theories, the Court may sanction him by imposing filing restrictions." Dkt. 59 at 2. On February 10, 2023, the Court provided Mr. Bogan-Bey with a final warning:

> Mr. Bogan-Bey may not file additional post-judgment motions in this action. **If Mr. Bogan-Bey files another post-judgment motion in this action, he will be sanctioned with a $1,000 fine and prohibited from filing future civil actions in this District until that fine is paid in full.**

Dkt. 64 at 2.

Less than two weeks after the Court issued this warning, Mr. Bogan-Bey filed a post-judgment "Motion for Leave to Deposit Fed. R. Civ. P. 67(a)." Dkt. 65. The motion acknowledges the ban on additional post-judgment motions. *Id.* at ¶¶ 1-2. Like Mr. Bogan-Bey's previous post-judgment motions, this motion is frivolous and appears to assert sovereign citizen theories. It begins:

> (3) Plaintiff-Appellant has an insurable interest in his own life for the benefit of his own estate, which the courts sanctions and fees allows the court as a creditor to obtain a life insurance policy in order to indemnify this court against the loss of the debt before payment. SEE *Central v. Hume* 128 U.S. 195, 204.

Dkt. 65 at ¶ 3. Goes on to argue:

> (4). Because Life Insurance is simply a contract to pay a sum of Money defined under State Law (I.C. § 26-1-1-201 (24)) upon the occurance of an event and Plaintiff-Appellant as a 3rd party beneficiary to any and all contracts of life insurance upon the life of Plaintiff-Appellant, he has a vested right under the contract. The contracting parties (the court and life insurance company) cannot effectively vary or eliminate Plaintiffs Power to enforce such contract upon his own life *Hume* @ 206 supra. This courts claim upon the proceeds of insurance intended to secure thier debt can go no further than indemnity, all other amounts beyond the debt, premiums and expenses should go to Plaintiff-Appellant.

2

N/A
N/A
N/A
N/A

*Id.* at ¶ 4. And continues in this manner for several more pages. *Id.* at ¶¶ 5-10.

"Federal courts have inherent power to fashion an appropriate sanction for conduct which abuses the judicial process." *In re Stericycle Securities Litigation*, 35 F.4th 555, 572 (7th Cir. 2022). "Because of their very potency, inherent powers must be exercised with restraint and discretion." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991). Courts must make factual findings that adequately support any use of their inherent sanctioning powers. *Greyer v. Illinois Department of Corrections*, 933 F.3d 871, 877 (7th Cir. 2019).

Sovereign citizen theories, such as those that have been repeatedly propounded by Mr. Bogan-Bey in this litigation, have been universally rejected as frivolous. *United States v. Benabe*, 654 F.3d 753, 767 (7th Cir. 2011) ("Regardless of an individual's claimed status of descent, be it as a "sovereign citizen," a "secured-party creditor," or a "flesh-and-blood human being," that person is not beyond the jurisdiction of the courts. These theories should be rejected summarily, however they are presented.").

The Court has taken a progressively stern approach with respect to Mr. Bogan-Bey's post-judgment motions since this case was dismissed more than eleven months ago. First, the Court simply denied his motions. Then, the Court denied his motions and warned that additional motions could result in sanctions. Then, the Court denied his motion and gave a final warning that any additional post-judgment motions will result in a "$1,000 fine [and a prohibition] on filing future civil actions in this District until that fine is paid in full." Dkt. 64. Less than two weeks later, Mr. Bogan-Bey violated that Order with another post-judgment motion. Dkt. 65. This filing amounts to willful misconduct, as he was aware of the Order banning additional post-judgment motions and deliberately violated that Order. Given this willful misconduct, the Court finds that the sanction issued in this Order is warranted.

Accordingly, the Court assesses a **$1,000 fine and prohibits Mr. Bogan-Bey from filing additional civil actions until this fine is paid in full.** This Order does not prohibit Mr. Bogan-Bey from filing a notice of appeal challenging this sanction, or from filing a petition for a writ of habeas corpus. *See Thelen v. Cross*, 656 Fed. Appx. 778 (7th Cir. 2016) (imposing filing ban and citing *Mack*, 45 F.3d 185). **The Clerk shall return without docketing any new civil actions filed by Mr. Bogan-Bey and any additional filings under this case number other than a notice of appeal.** After two years, Mr. Bogan-Bey may seek modification or rescission of this Order. *Mack,* 45 F.3d at 187 ("Perpetual orders are generally a mistake.").

The Court considered lesser sanctions, but they would not be effective. First, warnings have not stopped Mr. Bogan-Bey's frivolous filings. Second, Mr. Bogan-Bey proceeds *in forma pauperis*, such that a monetary sanction (without the accompanying filing restriction) would have no impact. *See Rivera v. Drake*, 767 F.3d 685, 687 (7th Cir. 2014). The financial penalty and filing ban will protect the Court's resources and other parties from Mr. Bogan-Bey's abusive litigation practices.

**IT IS SO ORDERED**.

Date:  5/3/2023

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

J. BOGAN-BEY
268133
WESTVILLE - CF
WESTVILLE CORRECTIONAL FACILITY
Inmate Mail/Parcels
5501 South 1100 West
WESTVILLE, IN 46391

Alexander Robert Carlisle
OFFICE OF THE ATTORNEY GENERAL
Alexander.Carlisle@atg.in.gov

Gustavo Angel Jimenez
INDIANA ATTORNEY GENERAL
gustavo.jimenez@atg.in.gov

Financial Deputy Clerk